**Kenneth Wayne SHELTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

As Modified March 3, 1972.

Gary R. Lorenz, Louisville, for appellant.

John B. Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

EDWARD P. HILL, Jr., Judge.

This appeal is prosecuted from a judgment of conviction on a charge of grand larceny, KRS 433.220, under which the appellant was given one year in prison. The appellant has listed two questions in his brief under table of contents and authorities: (1) Certain pictures of truck tires were admitted in violation of the law of search and seizure; and (2) the evidence was insufficient to support the conviction.

Between 4 p. m. on May 21, 1970, and 9 a. m. on May 22, 1970, lumber and building materials valued at $1,200 were stolen from a 3-acre lot in Meade County. The owner of the lot, Lonnie Lindsey, upon discovering the theft, observed truck tire tracks and footprints about the scene of the theft. He reported his observations to the sheriff of Meade County who went to the home of the appellant and upon observing appellant's truck proceeded to take some pictures of the tires thereon. This was done in appellant's absence and without his consent.

The appellant entered a plea of not guilty and testified in his own behalf. He admitted he owned the truck but denied any knowledge of who committed the theft. (The evidence showed that a number of trucks identical to his, with the same make tire and treads, were sold in the community by the army at Ft. Knox.) He offered an alibi to the effect that he and Betty Jean Lindsey were together the night of the theft.

It should be noted here, to aid our discussion of appellant's second ground for reversing the judgment, that the evidence on the trial tending to connect the appellant with the crime consisted of two circumstances. First, the tracks in the pictures taken of the appellant's truck tires matched the truck tracks found at the scene of the crime; and second, the appellant paid the prosecution witness, Lindsey, $1,200, the value of the stolen building materials, and says he did so to make up for the possibility and probability that his truck was involved in the theft even without his consent. It also appears from the record that appellant was in the process of building a structure of some type and had an opportunity to use building supplies.

The appellant's alibi that he was with the young lady the entire evening and until 4 a. m. the following morning was discredited by her testimony. She admitted that she was with the appellant the evening of the crime, but denied appellant's testimony that they visited two or three drive-in restaurants. She stated that they stayed in her home the entire evening.

As a background for considering appellant's first argument, it should be noted that the officer who took the pictures of appellant's truck tires went to appellant's premises without his permission, but he did not enter any buildings or enclosures for the purpose of making pictures. The truck was parked on appellant's premises, and the truck tires were readily visible.

The Supreme Court of the United States said in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), that the Fourth Amendment to the Constitution of the United States "protects people not places."

■ The Fourth Amendment to the Constitution of the United States does not undertake to forbid all searches, only unreasonable ones, and does not necessarily condemn or forbid simple trespass. Teasley v. United States, 292 F.2d 460 (9th Cir. 1961); Giacona v. United States, 257 F.2d 450 (5th Cir. 1958); United States v. Buchner, 164 F.Supp. 836 (D.D.C.1958); and People v. Willard, 238 Cal.App.2d 292, 47 Cal.Rptr. 734 (1965).

■ In the light of the foregoing authority, we conclude that the introduction of the pictures in question was not precluded by reason of the manner in which they were obtained.

■ Furthermore, there was no objection to the introduction of the pictures in question during the trial, nor was a motion made to suppress the evidence prior to trial. Appellant did not raise the question of admissibility of the pictures until he closed his case, when he made a motion to suppress the evidence. This came too late. Higdon v. Commonwealth, Ky., 473 S.W.2d 110 (decided November 19, 1971; Marx v. United States, 86 F.2d 245 (8th Cir. 1936), and Metcalf v. United States, 195 F.2d 213 (6th Cir. 1952).

■ We come next to appellant's second argument relating to the sufficiency of the evidence to warrant submission of the case to the jury. It may be noted that the appellant made no motion for a directed verdict of acquittal either at the close of the Commonwealth's case or at the conclusion of all the evidence. Neither did he raise the question in his motion and grounds for new trial. Therefore, the question was not preserved for appellate review. Hatton v. Commonwealth, Ky., 409 S.W.2d 818 (1966).

■ The appellant's payment of $1,200 to the owner of the stolen property, although he continued in the trial to assert his innocence, "afford[ed] substantial basis for an inference of guilt." Taylor v. Commonwealth, Ky., 403 S.W.2d 713, 716.

■ To summarize, we think the similarity of the treads on appellant's truck tires to those found at the scene of the crime, considered with the evidence of compromise and his use for building supplies, along with the contradiction of appellant's evidence by his own witness, was sufficient to support the jury's verdict and the judgment of conviction.

The judgment is affirmed.

All concur.