Billy **MADDOX** and Jimmy **Maddox,**
Appellants,

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Sept. 28, 1973.

Rehearing Denied March 2, 1973.

Jerry L. Foster, McAnelly & Foster, Liberty, for appellants.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Atty. Gen., Frankfort,

James G. Weddle, Liberty, Paul Carter, Tompkinsville, for appellee.

OSBORNE, Justice.

This opinion corrects an opinion of this court handed down on November 17, 1972 and reported in Ky., 490 S.W.2d 489.

■ Appellants, Billy Maddox and Jimmy Maddox, were convicted of stealing cattle and sentenced to two years in the penitentiary. They were tried jointly and this appeal is on behalf of both. As to both appellants the main contentions for reversal of the judgment are that the search was unlawful and sans the fruits of the search the evidence is insufficient to support the verdict. We have examined the record and are of the opinion that the plain view doctrine is applicable to the facts presented here as the calf was not found within the curtilage and the search was legal. See Fugate v. Commonwealth, 294 Ky. 410, 171 S.W.2d 1020; Cotton v. Commonwealth, 200 Ky. 349, 254 S.W. 1061. See also 68 Am.Jur.2d 676, Search and Seizures, § 20, wherein the rule is stated as follows:

"It seems clear that an open field is not an area entitled to Fourth Amendment protection, even where a civil trespass is involved, it having been said that the distinction between the search of a dwelling house and the search of open fields not within the curtilage is as old as the common law."

The Commonwealth called Joyce Maddox, wife of the appellant Billy Maddox, to testify. Joyce indicated that she did not wish to testify and was directed to do so by the trial court apparently on the theory that her testimony would be competent as against Jimmy Maddox. Complying with the direct mandate of the court to testify she took the stand. We believe this is reversible error as to appellant Billy Maddox as it is impossible to limit the effect of her testimony to Jimmy Maddox alone. The Commonwealth, when it elected to try

these defendants jointly, surely had knowledge that it would use Billy's wife as a witness. The mandate of KRS 421.210(1) is clear. A wife cannot be compelled to testify against her husband. We do not believe the effects of this statute can be so easily avoided.

The judgment is affirmed as to Jimmy Maddox and reversed as to Billy Maddox.

All concur.