**James JOHNSON and Paul Fields,**
**Appellants,**

**v.**

**COMMONWEALTH of Kentucky,**
**Appellee.**

Court of Appeals of Kentucky.

Feb. 1, 1974.

J. Reid Caudill, Bowling Green, for appellants.

Ed W. Hancock, Atty. Gen., Thomas R. Emerson, Asst. Atty. Gen., Frankfort, for appellee.

CATINNA, Commissioner.

Paul Fields and James Johnson, along with Joseph Fields, Jr., were convicted by a jury in Butler Circuit Court of armed robbery and sentenced to twelve years in prison.

James Johnson alleges error in the denial of his motion for a separate trial. This court's examination of a ruling upon a motion for a separate trial is based only upon the elements of foreseeable prejudice evident at the time of the motion.

In Bush v. Commonwealth, Ky., 457 S.W.2d 495, 497 (1970), we stated:

"* * * The test of whether a trial court abuses its discretion in refusing a severance must be made upon the basis of the showing presented at the time the motion is made and ruled upon. In the absence of a surprise development in the trial and a renewal of the motion for a severance, this court will not take the facts as they later develop at the trial and say that upon these facts the trial court erred in not granting the severance in the first instance. To do so would

amount to second guessing the trial court with the advantage of hindsight."

■■ When unanticipated evidence is admitted, which is competent to one defendant but incompetent as to another, the latter party must renew his motion for severance, request an admonition to cure the error, or make a motion for a mistrial. Counsel for Johnson presented no grounds in support of the motion for a severance nor did he move for a mistrial; consequently, this question was not preserved for appellate review.

Finally, Johnson and Fields complain that certain remarks by the trial court to the jury were coercive and that these remarks refer to a point of law not involved in this action.

After the case had been finally submitted:

"The Jury returned into the Court Room at one point and asked the Court (in the presence of all jurors and the defendants and all counsels) 'if they can't agree on the verdict, will it discontinue the trial?'

"To which the Court replied—'Yes sir, if you are unable to reach a verdict, you would be discharged and the case would have to be tried over again, but I am going to be a little contrary about that. It has already been tried once, and you are just as capable of reaching a verdict as any other 12 people are. You haven't given much effort yet. You haven't been out over 20 or 30 minutes. Lots of juries are out two or three weeks.'

"To which remark by the Court Mr. Caudill, attorney for Paul Fields and James Johnson, objects."

■ RCr 9.22 specifically requires that the complaining party make known to the trial court the action which he desires the court to take. Blanton v. Commonwealth, Ky., 429 S.W.2d 407 (1968). This objection was not defined with enough exactitude to make clear to what appellants' counsel was objecting. There was no ruling requested upon this objection.

The judgment is affirmed.

OSBORNE, C. J., and JONES, MILLIKEN, PALMORE, REED and STEINFELD, JJ., sitting.

All concur.