Randall **ROBINSON,** Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Supreme Court of Kentucky.

Feb. 18, 1977.

Rehearing Denied June 10, 1977.

David Kaplan, Ray M. Clooney, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Raymond M. Larson, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

The question of most importance in this case is whether evidence procured under a search warrant should have been excluded because the affidavit pursuant to which the warrant was issued contained an erroneous statement of fact.

The affidavit was prepared by the Commonwealth's Attorney for Henry County and executed by an officer of the Kentucky State Police. It stated, among other things, that the affiant had received from the Louisville Police Department and an unnamed informant advice to the effect that a large quantity of stolen property was in the appellant's possession at his home in Henry County. The portion of the affidavit claimed to have been untrue is as follows: "Said informant having been proven reliable by having previously given the Louisville Police Department who has advised the affiant information leading to the arrest and conviction of persons for the commission of other crimes."

As later disclosed, the informant mentioned in the affidavit had been an accomplice of the appellant in that the stealing and delivery of the property to the appellant's home had been carried out by prearrangement between them. The accomplice became a principal witness against the appellant both in the preliminary hearing (examining trial) held by the Quarterly Court and in the circuit court trial. At the examining trial he testified that this was the first time he had ever acted as a police informant.

The fundamental purpose of requiring an affidavit in support of a search warrant is to protect persons and their property from searches that are not founded on probable cause. Though in some jurisdictions the determination of probable cause is not confined to the affidavit, from time immemorial it has been the rule in this state that it is. *Bowen v. Commonwealth,* 199 Ky. 400, 251 S.W. 625 (1923); *Caslin v. Commonwealth,* Ky., 491 S.W.2d 832, 834 (1973). We are not at all convinced that the rule is unsound.

It is likely that the alleged misstatement in the affidavit was an honest mistake. The officer who made it was not called to testify, nor was the Commonwealth's Attorney who had prepared it. It appears from the face of the affidavit, however, that in the course of a thorough investigation of the case the officer had received a good deal of information from the Louisville Police Department. In due course, after gathering further details, he took his information to the Commonwealth's Attorney, who paraphrased it in the form of an affidavit. It is not unnatural that in this process of telling and retelling, inaccuracies would develop. We do not say that there will never be an instance in which this court will hold a search warrant invalid by reason of a clear and deliberate perjury in the supporting affidavit, but we have no reason to suspect that this is such a case.

There is still another reason why the warrant should not have been quashed. The affidavit contained more than three legal-size pages of information. The officer's cause for believing that the stolen property was on the appellant's premises was not confined to what he had heard that the informant had told the Louisville police. Among other things disclosed by the affidavit, the place had been under surveillance, and the officer had seen "pictures of the stolen property in the barns and home above described," etc. From a stem-to-stern reading of the affidavit it is our opinion that it would have provided probable cause for the warrant without the details attributed to the informant.

Appellant attacks the warrant on the further ground that the affidavit contained "hearsay on hearsay." Whether the affidavit supporting a search warrant does or does not furnish probable cause need not be determined by rules of evidence designed for trials. The criterion is whether on the whole the affidavit shows reasonable grounds for believing that the property sought to be discovered is actually on the premises to be searched. Cf. *Commonwealth v. Eilers,* Ky., 503 S.W.2d 724, 726 (1974).

Appellant's contention that the county judge who issued the warrant did so without reading it is not supported by the record. Testifying at a pretrial conference the judge said that he "looked at the affidavit" and questioned the affiant "along the lines of what the affidavit, what he had stated in the affidavit." That he interrogated the police officer and also discussed the matter with the Commonwealth's Attorney by telephone does not connote that he did not read the affidavit. He was never asked and did not say whether in fact he had read it. On the basis of this record we certainly cannot assume that he did not.

During the course of the Commonwealth's closing address to the jury. the appellant objected to a comment relating to the strange reappearance of a stolen camera in the owner's locked apartment. The objection was sustained, counsel requested an admonition, and the admonition was given. He did not move for any further relief and therefore is not in a position to claim that a mistrial should have been declared. *Humphrey v. Commonwealth,* Ky., 442 S.W.2d 599, 601 (1969). Other objections to remarks made by the prosecutor were not sufficiently preserved for review. Cf. *Johnson v. Commonwealth,* Ky., 505 S.W.2d 470, 471 (1974); *Mahan v. Commonwealth,* Ky., 286 S.W.2d 93, 94 (1956); *May v. Commonwealth,* 153 Ky. 141, 154 S.W. 1074, 1080 (1913).

Appellant is correct in contending that *Russell v. Commonwealth,* Ky., 403 S.W.2d 694, 696 (1966), holding that the thief is not an accomplice of the receiver of stolen goods, is not applicable to this case. On the other hand, it was held in *Spencer v. Commonwealth,* Ky., 467 S.W.2d 128, 130 (1971), and *Sarver v. Commonwealth,* Ky., 425 S.W.2d 565, 566 (1968), that discovery of the stolen property in the defendant's possession is sufficient corroboration to obviate the necessity for an accomplice instruction.

The judgment is affirmed.

All concur.