COMMONWEALTH of Kentucky, Appellant,

v.

Rex WILSON, Appellee.

Court of Appeals of Kentucky.

July 11, 1980.

Rehearing Denied Sept. 12, 1980.

Discretionary Review Denied Feb. 12, 1981.

Steven L. Beshear, Atty. Gen., Nancy A. Barrickman, Asst. Atty. Gen., Frankfort, for appellant.

William F. Moore, Jr., Monticello, James A. Hicks, Albany, for appellee.

Before HAYES, C. J., and COOPER, HOWARD and WINTERSHEIMER, JJ.

HOWARD, Judge.

The issue on this appeal is the validity of a search warrant based upon an affidavit presented to the court but not filed with the clerk until after the search was accomplished. On September 2, 1978, the Wayne District Court issued a search warrant authorizing the search of a 1975 white two-door Nova. This warrant was supported by an affidavit subscribed to by policeman Rolf Richardson. The District Judge did not present the affidavit to the court clerk for filing until October 4, 1978; further, a filing date was not placed upon the document until this time. During this intervening period, on September 5, 1978, the executed warrant was filed with the court. Subsequently, Rex Wilson, the appellee, was arrested and indicted for trafficking in and possession of Schedule III and IV controlled substances. Prior to trial, the appellee moved to suppress all evidence obtained by reason of the search warrant on the ground that the affidavit supporting the warrant was not filed with the court until thirty-two (32) days after the warrant was executed. Upon a finding that the provisions of RCr 1.08(2) and CR 5.05(2) were not met, the trial court granted the motion to suppress. As this inadmissible evidence was the sole basis of the Commonwealth's case against the appellee, the indictment was dismissed.

RCr 1.08(2) simply provides that where the Kentucky Rules of Criminal Procedure do not specify the manner of filing, the civil rules shall apply. RCr 13.10 states a search warrant may be issued upon an affidavit sufficient under Section 10 of the Kentucky Constitution. The rule does not state the manner of filing the affidavit. We refer then to CR 5.05 which states in part:

(1) All papers after the complaint required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. (2) The filing of pleadings and other papers with the court as required by these Rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

It is not disputed that the District Judge did not note the filing date on the affidavit when he received custody of the document. The affidavit was eventually filed with the clerk, but only after a delay of thirty-two (32) days; this cannot be considered to meet the requirements of "forthwith."

Nonetheless, we are asked to uphold the warrant and resulting seizure of intoxicants. This is a case of first impression in this jurisdiction. We must therefore resort to the fundamental principles behind the preclusion of unreasonable searches and seizures. Both the Fourth Amendment of the Federal Constitution and Section 10 of the Kentucky Constitution prohibit unreasonable searches and seizures. Each provides that no warrant shall be issued except when based upon probable cause and supported by oath or affirmation, thus stems the requirement for an affidavit. The fundamental purpose of requiring an affidavit in support of the warrant is to protect persons and their property from searches that are not founded on probable cause. *Robinson v. Commonwealth*, Ky., 550 S.W.2d 496 (1977). That purpose was satisfied in the case at hand. The affidavit presented to the District Court set forth sufficient facts to establish probable cause for the search. There is no allegation that the search was conducted without probable cause.

■ The sole error in this action is the failure of the District Judge to note upon the affidavit a filing date and the court's delay in submitting the affidavit to the court clerk. We are, of course, aware that District Court is a court of record, pursuant to K.R.S. 24A.010. Yet, we are not faced with a case where the record contains no affidavit, no indication of the document upon which the court made its determination of probable cause. The record contains both a properly executed warrant and an accompanying affidavit establishing probable cause for the search. We cannot, under these circumstances, state that the appellee's constitutional rights were violated by the inadvertence of the court. We find guidance in the language of the Kentucky Supreme Court which, per Justice Reed, in *Embry v. Commonwealth*, Ky., 492 S.W.2d 929 (1973), stated:

> The trend of recent Supreme Court decisions has appeared to be that the warrantless searches are per se unreasonable unless they can be validated under carefully delimited exceptions to the requirement of a warrant. In the interest of law enforcement, therefore, the securing of warrants should be encouraged and not discouraged by hypertechnical mousetracking of the language of the affidavit on which the warrant is based. *Id.* at 932.

We certainly do not hold that it is always permissible to allow a delay in the filing of the affidavit. Our holding is limited to the facts of the case before us. Upon a finding that there has been no infringement on the appellee's rights and with a keen awareness of the interests of law enforcement, we hold the evidence was improperly suppressed.

The judgment is reversed.

COOPER and WINTERSHEIMER, JJ., concur.

HAYES, C. J., concurs in a separate opinion.

HAYES, Chief Judge, concurring.

I concur with the result reached by the majority on this appeal but I disagree with its determination that CR 5.05(2) applies to an affidavit for a search warrant.

As I understand the majority, CR 5.05(2) is applicable here because RCr 1.08(2) states that where the criminal rules do not specify the manner of *filing* or *service* of papers, the civil rules shall apply. It is true that there is no indication in the criminal rules of the manner for filing or service of an affidavit supporting a search warrant. But the majority presupposes that such an affidavit is required to be *filed* or *served*. I contend there is no such procedural or substantive requirement under Kentucky law.

An affidavit for a search warrant certainly is not a "pleading" under CR 5.05(2) because RCr 8.12 dictates that the only "pleadings" in a criminal case are the indictment or information and the plea. That leaves the determination of whether the affidavit is an "other paper" which under CR 5.05(2) is required to be served upon a party. CR 5.05(1) states only papers required to be served upon a party are required to be filed with the court or clerk.

I am unable to find any Kentucky law requiring the affidavit to be served. Although not directly on point, there are cases which hold that the absence of the affidavit in the record on appeal is grounds for the appellate court to presume the affidavit was sufficient to support the warrant. *Greer v. Commonwealth*, Ky., 455 S.W.2d 555 (1970); *Miller v. Commonwealth*, Ky., 432 S.W.2d 638 (1968); and, *Jarrett v. Commonwealth*, Ky., 434 S.W.2d 808 (1968). It is interesting to note that in *Miller, supra*, the defendant had made a motion to *file* the affidavit, which motion was denied by the trial court.

I believe it can be inferred by the above line of cases that the affidavit upon which a search warrant is issued does not have to be "served" and therefore need not be "filed" under CR 5.05(2).[1]

---

1. I am aware that a proposed change in the Criminal Rules is presently in the making

which requires the affidavit to be *filed* with the issuing magistrate.