**Dewayne McRAY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 17, 1984.

Rehearing Denied April 20, 1984.

Discretionary Review Denied by Supreme Court Sept. 26, 1984.

398

Elmer J. George, Philip S. George, Jr., Lebanon, for appellant.

David L. Armstrong, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

Before HAYES, Chief Judge, and GUDGEL and HOWERTON, Judges.

HOWERTON, Judge.

McRay appeals from a judgment and conviction in the Washington Circuit Court finding him guilty of cultivation of marijuana in violation of KRS 218A.140 and 218A.990(6). He was fined $3,500.00.

McRay owns a farm in Washington County consisting of approximately 100 acres. In the summer of 1982, a patch of marijuana was discovered in a wooded area on the farm. It contained over 2,000 marijuana plants, and the ground had been cultivated and fertilized.

The case was investigated by Detective Ben Hadley of the Kentucky State Police, who responded to information from the Washington County Sheriff's Department. In July 1982, Detective Hadley and Detective Antle entered the farm without a search warrant and discovered the marijua-na patch; and, on August 2, 1982, they flew over the area and observed that the patch was still growing. They obtained a search warrant from the Washington County Trial Commissioner and searched the premises on August 4. Samples of the marijuana were taken for examination, and the remainder of the crop was destroyed by the officers in the sheriff's department.

McRay presents five grounds for reversal. He first argues that the trial court erred by overruling his motion for a directed verdict. He contends that the evidence was insufficient to uphold a conviction. There were no eyewitnesses to prove that McRay was ever observed in the vicinity of the marijuana patch, nor was he ever seen cultivating that area. McRay argues that the Commonwealth failed to prove that he had any knowledge of the marijuana patch. KRS 218A.990(6)(c) reads:

> No owner, occupant, or person having control or management of land on which marijuana has been planted, cultivated or harvested shall be found guilty of violating the provisions of this subsection, unless the Commonwealth proves that he knew of the planting, cultivating or harvesting of the marijuana.

We have carefully reviewed the transcript of the evidence, and we cannot say that it was clearly unreasonable for the jury to find McRay guilty. *Trowel v. Commonwealth*, Ky., 550 S.W.2d 530 (1977). Guilt and knowledge can be established by circumstantial evidence. We conclude that there was sufficient evidence to allow the case to be submitted to the jury. Although we might have reached a different result, we cannot find clear error in the jury's finding of guilt.

McRay next argues that the trial court erred by overruling his RCr 7.26 motion to examine and review the official report of Detective Ben Hadley. RCr 7.26 reads as follows:

> (1) Before a witness called by the Commonwealth testifies on direct examination the attorney for the Commonwealth shall produce any statement of the wit-

ness in the form of a document or recording in its possession which relates to the subject matter of the witness's testimony and which (a) has been signed or initialed by him or (b) is or purports to be a substantially verbatim statement made by him. Such statements shall be made available for examination and used by the defendant.

(2) If the Commonwealth claims that a statement to be produced under this Rule 7.26 does not relate to the subject-matter of the witness's testimony, the court shall examine the statement privately and, before making it available for examination and use by the defendant, excise the portions that do not so relate. The entire text of the statement shall be sealed and preserved in the records of the court to be made available to the appellate court in the event of an appeal by the defendant.

Although we fail to understand why the trial court denied McRay's motion to review the report, we nevertheless find no reversible error. The report is in the Record on Appeal. We have reviewed the report and find nothing in it which the defendant did not already have or know. The report contains a Uniform Offense Report document which indicates the type of investigation made, the location of the area investigated, the date of the report, and the amount of time spent in the investigation. The report lists the names of five witnesses, which are the same names provided to the defendant during the discovery proceedings. The same witnesses were subpoenaed for trial, although only three of them testified. The report indicates that four samples of the marijuana were marked and shipped to the Kentucky Crime Laboratory for analysis, that photographs were taken, and that the sheriff's office destroyed the remainder of the marijuana found in the field. The report also indicates that on August 2, Officers Hadley and Antle flew over the suspected area, and that on August 4, they obtained a search warrant, whereupon they entered the property and located the field. The report briefly describes the fields on the farm, the fence locations, and states that cows were found in the pasture. Finally, the report indicates that the marijuana field had been plowed, cultivated, and fertilized. The report contains copies of two other documents, a Recovered Property Report describing 4 marijuana samples taken from the field and a Request for Examination which was sent to the crime laboratory with the samples.

■ In *Roach v. Commonwealth*, Ky., 507 S.W.2d 154 (1974), the case was remanded for further proceedings where the trial court had failed to provide information requested pursuant to RCr 7.26. If the court found prejudice, a new trial was to be granted. If no prejudice was determined, the judgment of conviction was to be reinstated, subject to Roach's right for a new appellate review. It is apparent that failure to comply with RCr 7.26 does not require automatic and absolute reversal. Some prejudice must be found; otherwise, the error, if any, is harmless. RCr 9.24. Judge Spragens made no finding concerning the relevance of the report prior to sealing it, but our review of the document causes us to conclude that no prejudice resulted from the court's failure to provide the report to McRay.

McRay next asserts that the trial court erred by giving improper instructions and by refusing his request to instruct the jury on the definition of "knowingly." This area of alleged error is in four parts.

McRay first charges that the statute making the crime of growing over 25 marijuana plants a felony was not in effect until July of 1982. Prior to that time, the offense was a misdemeanor. He, therefore, argues that his felony conviction amounted to an ex post facto application of the law, since KRS 500.040 requires a prosecution to be based on the law in effect on the date the offense is committed. The elements of cultivation, harvesting, and planting occurred prior to the effective date of the felony statute.

Secondly, McRay claims that the trial court erred by instructing the jury that it

could find him guilty for either knowingly cultivating 25 or more marijuana plants or knowingly permitting the cultivation of those plants. He argues that the instruction was erroneous and prejudicial since the term "knowingly permitted" is not in the statute under which he was convicted.

The third instruction argument is that the trial court failed to give his tendered instruction on the definition of "knowingly." Since knowledge was a crucial element of the offense, he contends that the court stripped him of his only defense, which was that he did not know that the marijuana was growing on his property.

The final alleged error pertaining to instructions is that the court allowed the jury to find McRay guilty, if it believed he knowingly manufactured or produced marijuana with intent to sell it. McRay argues that this instruction was totally improper since he was charged only with unlawfully planting, cultivating, or harvesting marijuana. He also contends that the instruction was not predicated upon any facts in the case.

▇▇ With respect to the ex post facto argument, we conclude that it is inapplicable. An ex post facto law is one which imposes a criminal penalty on a prior non-criminal act. *Moore v. Ward*, Ky., 377 S.W.2d 881 (1964). In this case, the activity of growing marijuana was a criminal offense prior to any act performed by McRay. The statute did not make the offense a crime, it merely amended the penalty provision. Furthermore, the cultivation of marijuana is a continuing offense. If McRay was growing the marijuana crop, or knew that it was planted and growing on his land, he was guilty of the crime at any and all times. He could have been charged in June, July, or August, and before or after the penalty was modified. In this case, no arrest was made for growing the plants until after the penalty had been increased.

▇▇ We find no problem with the trial court's failure to define the term "knowingly." The word is fairly well understood by the average lay person. Today's juries are generally intelligent and fair-minded. *Meyer v. Commonwealth*, Ky., 472 S.W.2d 479 (1971). We do have some concern regarding the instruction on "permitting" and the instruction regarding "manufacturing or producing marijuana with intent to sell." However, we find no real prejudice or manifest injustice and, therefore, no basis for reversal. The jury's decision related only to the original charge and the facts which were proven.

▇▇ McRay next alleges that the trial court erred by refusing to suppress all evidence obtained as a result of the search conducted on his farm on August 4, 1982. We disagree. The marijuana patch was a considerable distance from McRay's home, and the fact that there was a fence around his farm would not prevent the police from operating under the Open Fields Doctrine as it is presently applied in Kentucky. *Oliver v. U.S.*, 686 F.2d 356 (6th Cir.1982). *See, also, Shelton v. Commonwealth*, Ky., 484 S.W.2d 95 (1972), and *Maddox v. Commonwealth*, Ky., 503 S.W.2d 481 (1973).

▇▇ Although the trial judge refused to honor the validity of the search warrant, which suited his purposes since he refused to suppress the evidence obtained in the search under the Open Fields Doctrine, we conclude that the search based on the warrant was nevertheless valid. The trial court invalidated the search warrant because the original affidavit was not properly filed in the clerk's office. RCr 13.10(2) requires the issuing officer to file a copy of the warrant and the supporting affidavit with the clerk of the court to which the warrant is returnable. In *Commonwealth v. Wilson*, Ky.App., 610 S.W.2d 896 (1980), this Court concluded that a warrant based on an affidavit which was not filed with the clerk for 32 days and until after the search was conducted was nevertheless valid. In this case, we do not have the original affidavit, but a copy of the affidavit is a part of the record. Furthermore, the trial commissioner testified that he issued the warrant based on an affidavit, and the copy appeared to be the same or at least to

contain the information on which he based the warrant. Our decision is not unfair to McRay. In a hypertechnical sense, the requirements for a search warrant were lacking but, in light of all of the circumstances, the spirit of the law has certainly been satisfied. The search and the warrant were clearly based on probable cause. *See, Robinson v. Commonwealth*, Ky., 550 S.W.2d 496 (1977). Furthermore, if there ever was a "good faith" effort by police officers to conduct a valid and proper search, this case presents it. The trial court was correct in refusing to suppress the evidence.

■ McRay's final allegation of error concerns the remarks made by the prosecuting attorney. He argues that the prosecutor's remarks concerning the evil effects of marijuana and the impact of such on the community were prejudicial and constitute reversible error. We disagree. When McRay's counsel objected to the remarks, the trial judge properly admonished the jury. Furthermore, the comments were simply not sufficiently prejudicial to constitute reversible error.

The judgment of the Washington Circuit Court is affirmed.

All Concur.