**COMMONWEALTH of Kentucky, Appellant,**

v.

**Eugene HUBBLE and Margaret Elizabeth Lofton, Appellees.**

Court of Appeals of Kentucky.

May 22, 1987.

David L. Armstrong, Atty. Gen., Richard Weisenberger, Sp. Asst. Atty. Gen., Mayfield, Ky., David A. Smith, Asst. Atty. Gen., Frankfort, for appellant.

Charles M. Chaney, Mayfield, for Eugene Hubble.

James U. Glanville, Paducah, for Margaret Elizabeth Lofton.

Before COOPER, HAYES and WEST, JJ.

WEST, Judge.

The Commonwealth appeals from an order of the Graves Circuit Court which suppressed evidence seized pursuant to a

search warrant because the district judge who issued the search warrant failed to retain and file a copy of the affidavit and warrant with the clerk as required by RCr 13.10(2) and inserted information into the supporting affidavit which was not sworn to by the affiant. The issue presented is whether the irregularities in the issuance of this search warrant due to the judicial officer's mistakes necessitates suppression of the evidence. The trial court held suppression of the evidence is required. We disagree.

Detective Joe Hill of the Kentucky State Police interviewed Travis "Butch" Evans and his wife, Linda, who had confessed to several burglaries in Tennessee. Butch told Detective Hill that he had traded a Regency Scanner and a 30 caliber M–1 carbine which he had stolen, to the appellee, Hubble, for a bird and a dog and that he had gotten cocaine from Hubble at his home in Graves County. Linda told Detective Hill that she had been to Hubble's residence seven days before and had there observed the scanner, several grocery bags of marijuana, "Speed" and cocaine in a tupperware bowl on the table, and had seen Hubble hide drugs in a compartment above the utility room door. Detective Hill verified through the Tennessee authorities that the articles had been reported stolen. He took this information to the County Attorney, who prepared the affidavit and search warrant and administered the oath to the officer who then signed the affidavit. When Detective Hill took the executed affidavit and warrant to the district judge for review and after discussion with Detective Hill, the judge wrote in the following statements:

> Sheriff of Union City, Tennessee, alerted investigating officer to the information available from Evans and wife. Affiant knows Hubbles reputation among law enforcement officials is that he traffics in stolen property and illegal drugs.

The judge did not require Detective Hill to affirm by oath this information after it was added. Neither was a copy of the affidavit and warrant retained by the judge and filed in the clerk's office. The affidavit and warrant were filed by law enforce-ment seven days later when the return of the warrant was made.

RCr 13.10(2) reads as follows:

> A copy of the search warrant and supporting affidavit shall be retained by the issuing officer and filed by him with the clerk of the court to which the warrant is returnable.

The trial court reasoned that the holding in the case of *Commonwealth v. Wilson,* Ky.App., 610 S.W.2d 896 (1980), was superseded by the amendment of RCr 13.10 which specifically requires the issuing officer to retain and file a copy of the affidavit and warrant with the clerk. The trial court held that because the language of the rule is mandatory, failure to comply with its terms is a violation of the appellees due process rights and the evidence obtained must be suppressed.

In *McRay v. Commonwealth,* Ky.App., 675 S.W.2d 397 (1984), a case decided subsequent to the amendment of the rule, this court concluded that the search pursuant to a warrant was not invalid due to failure to comply with RCr 13.10(2). The court stated that although failure to comply with the rule would in a hypertechnical sense render the requirements of a search warrant lacking, it would not invalidate a search where in light of all the circumstances, the spirit of the law has been satisfied, there was a "good faith" effort by police officers to conduct a valid and proper search and the search was based on probable cause. *McRay* at page 402.

■ The purpose of RCr 13.10(2) is to preserve the integrity of the original affidavit and warrant, to prevent tampering with the contents of either after the warrant is issued by the judicial officer. The rule is procedural in nature and does not confer any new substantive rights upon the appellee. Consequently, a violation of the rule does not necessarily affect his due process rights. The evidence obtained should not be suppressed unless the violation of the rule resulted in prejudice to the defendant. None was shown in this case. There was no challenge to the authenticity of the original documents. There was a

"good faith" effort by law enforcement in seeking the warrant and the procedural deficiencies rested with the judicial officer. *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The spirit of the rule was satisfied when the original affidavit and warrant were filed when the return was made. Under the *McRay* guidelines, the remaining question then is whether the search was based on probable cause.

Clearly the determination of whether probable cause existed must be made only upon the affidavit of Detective Hill. The statements written in by the district judge but not affirmed under oath by the officer must be stricken as surplusage. For an affidavit in support of a search warrant to be sufficient, the information sworn to by the officer must establish a substantial basis for concluding that contraband or evidence of a crime will be found in the place to be searched. *Beemer v. Commonwealth*, Ky., 665 S.W.2d 912 (1984).

The Supreme Court of Kentucky in the *Beemer* case, held that the more stringent test of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), were not required by Kentucky law, and therein adopted the "totality of the circumstances" test. The veracity and basis of knowledge of persons supplying hearsay information are among the circumstances to be considered, but the duty of a court reviewing the sufficiency of a search warrant affidavit is simply to ensure that the issuing magistrate had a substantial basis for concluding that probable cause existed.

In the present case the source of the hearsay evidence was clear, the informants were named and the basis of their knowledge was evident. Butch had traded property they had stolen to Hubble and Linda had seen that property as well as substantial quantities of drugs on the premises seven days before the warrant was sought.

Even before the *Beemer* case, it was recognized that if the informant's name was given, hearsay information could be the basis of probable cause to search and there is no need for a specific showing of a named informant's reliability. *Embry v. Commonwealth*, Ky., 492 S.W.2d 929 (1973), *Edwards v. Commonwealth*, Ky., 573 S.W.2d 640 (1978). The fact that the information given by the Evans was against their penal interest, is reason to accept it as truthful. *U.S. v. Harris*, 403 U.S. 573, 583, 91 S.Ct. 2075, 2081, 29 L.Ed.2d 723 (1971).

Therefore, the affidavit of Detective Hill, excluding the statements written in by the judge, but not sworn to, still contains a substantial basis for believing the items of contraband sought would be found in the house shared by the appellees. The affidavit is sufficient to show probable cause and the trial court erred in ordering the evidence obtained thereby suppressed.

There remains a significant issue concerning the identification and integrity of the evidence which will ultimately determine whether the property seized will be admitted at trial. Detective Hill testified at the suppression hearing that the items seized were loaded into various police cars and taken to the State Police Post where the inventory was prepared. No inventory was done on the premises but photographs were taken of the items at the Hubble residence. Also, the inventory which was attached to the search warrant as the executing officers return omitted a substantial amount of cash.

The Commonwealth has the burden of identifying and tracing the chain of custody from the defendant to its final custodian. *Henderson v. Commonwealth*, Ky., 507 S.W.2d 454 (1974), *Harrod v. Commonwealth*, Ky. App., 552 S.W.2d 682 (1977). That clearly was not done at the suppression hearing where Detective Hill was the only witness for the Commonwealth. However, the motion to suppress did not specifically raise the issue so the Commonwealth is not foreclosed from establishing the necessary foundation, if it can be done to the satisfaction of the trial court.

The order of the Graves Circuit Court is REVERSED and the case REMANDED for action consistent with this opinion.

All concur.