Ronald COPLEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2011–SC–000063–MR.

Supreme Court of Kentucky.

March 22, 2012.

Jeffrey Hall Hoover, Hoover Law Office, Jamestown, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Susan Roncarti Lenz, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, KY, for appellee.

Opinion of the Court by Justice ABRAMSON.

Appellant Ronald Copley was sentenced to twenty years in prison after pleading guilty to murdering his wife. Copley appeals as a matter of right, alleging the trial court erred when it denied his motion to suppress evidence seized during a search of his home. Copley argues the evidence is inadmissible because the affidavit supporting the warrant was not properly sworn pursuant to Rules of Criminal Procedure 2.02 and 13.10, which require the affidavit be sworn before a person authorized by a written order from the judge of the county to administer oaths to complaining parties. While the criminal procedure rules were violated in this case, suppression was not warranted because the error was not of constitutional magnitude, the error did not prejudice Copley and there was no deliberate disregard of the rules. The trial court is affirmed.

## RELEVANT FACTS

On November 8, 2007, Deputy David Cain executed an affidavit for a search warrant for Copley's residence. Deputy Cain swore the affidavit before Anita C. Hardy, a notary public and employee of the Commonwealth Attorney's office. There being no available circuit court judge, district court judge or trial commissioner, Circuit Court Clerk Tony D. Kerr reviewed the affidavit, found probable cause and issued the search warrant.[1] Police officers executed the warrant the same day and seized several pieces of evidence from Copley's residence, including shell casings and swabs of blood.

On April 9, 2008, Copley filed a motion to suppress any evidence seized during the search, arguing the warrant was invalid because the affidavit was not properly sworn pursuant to RCr 13.10 and RCr 2.02. On August 11, 2008, the parties entered a Notice of Stipulated Fact jointly stipulating that, at the time the affidavit was sworn, Anita C. Hardy was a notary public but was not authorized by a written judicial order to administer oaths to complaining parties pursuant to RCr 2.02. On September 10, 2008, the trial court denied Copley's motion on the grounds that, while the affidavit was not properly sworn pursuant to RCr 2.02, the violation was technical in nature, the officers acted in good faith and Copley suffered no prejudice by the violation. On November 16, 2010, Copley pled guilty to murder and received twenty years in prison. Copley appeals to this Court as a matter of right, Ky. Const. § 110(2)(b), maintaining the search warrant was invalid and arguing the trial court erred by denying his motion to suppress.[2]

1. The Commonwealth's Attorney and the County Attorney both certified there was no district judge, circuit judge, or trial commissioner within the county. Kentucky Revised Statute (KRS) 15.725(5). Hence, the circuit clerk was statutorily authorized to issue the warrant.

2. Copley claims he preserved his right to appeal through a conditional guilty plea. Pres-

### ANALYSIS

■ The trial court properly denied Copley's motion to suppress. When reviewing a trial court's denial of a motion to suppress this Court first determines whether the trial court's findings of fact are supported by substantial evidence, RCr 9.78, and then conducts a *de novo* review of the trial court's application of law to the facts. *Meece v. Commonwealth,* 348 S.W.3d 627, 646 (Ky.2011). The parties here do not contest the trial court's findings of fact and upon a review of the record we conclude the findings of fact are supported by substantial evidence. We thus proceed to determine whether the trial court's ruling was correct as a matter of law.

### I. Violation of Rules of Criminal Procedure 2.02 and 13.10.

A search warrant may issue in Kentucky upon an affidavit that is sufficient under Section 10 of the Kentucky Constitution[3] and sworn to before an officer or person who (1) is legally empowered to administer oaths and (2) is authorized to administer such oaths to a complaining party by written order of a judge for the county having venue of the offense charged. RCr 13.10 and RCr 2.02. Thus, it is not sufficient for the person administering the oath for an affidavit for a search warrant to be simply a notary public; he or she must also possess a written order from the appropriate judge authorizing him or her to administer such oaths. RCr 2.02. The parties stipulated that Ms. Hardy, the notary public who administered the oath for the affidavit in this case, was not authorized to do so by a written order of a Russell County judge. Rules 2.02 and 13.10 were not properly complied with and the search warrant was technically deficient. This, however, does not end our inquiry.

### II. Suppression of Evidence When the Rule Violation Infringes the Defendant's Constitutional Rights.

■ Suppression of evidence pursuant to the exclusionary rule applies only to searches that were carried out in violation of an individual's constitutional rights. *Brock v. Commonwealth,* 947 S.W.2d 24, 29 (Ky.1997). In several prior cases, our appellate courts have admitted evidence where the underlying warrant did not strictly comply with the rules but the defendant's constitutional rights were not violated. For example, in *Commonwealth v. Wilson,* 610 S.W.2d 896 (Ky.App.1980), the Court upheld a search warrant even though, in violation of RCr 1.08(2) and Civil Rule 5.05(2), the underlying affidavit was not filed with the clerk until after the search was completed. The Wilson Court acknowledged the untimely filing violated the rules but upheld the warrant because the purposes behind the Fourth Amendment of the Federal Constitution and Section 10 of the Kentucky Constitution were satisfied. *Id.* at 897. "We cannot, under these circumstances, state that the appellee's constitutional rights were violated by the inadvertence of the court." *Id.* at 898. Facing a similar issue in *McRay v. Commonwealth,* 675 S.W.2d 397 (Ky.App.1984), the Court again held the warrant was valid even though, "[i]n a hypertechnical sense, the requirements for a search warrant

---

ervation is not clear from the record but the Commonwealth does not contest the point so we will review the merits of Copley's appeal.

**3.** Ky. Const. § 10 provides, "The people shall be secure in their persons, houses, papers and possessions, from unreasonable search and seizure; and no warrant shall issue to search any place, or seize any person or thing, without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."

were lacking" because the original affidavit was not properly filed in the clerk's office pursuant to RCr 13.10(2). The *McRay* Court considered the totality of the circumstances, including the fact that the warrant was based on probable cause and that the officers acted in good faith, and found "the spirit of the law ha[d] certainly been satisfied." *Id.* at 402. And in *Commonwealth v. Hubble*, 730 S.W.2d 532 (Ky. App.1987), the Court declined to suppress the seized evidence even though the judge who issued the search warrant failed to retain and file with the clerk a copy of the affidavit and the warrant as required by RCr 13.10(2), and inserted information into the supporting affidavit which was not sworn to by the affiant. The *Hubble* Court upheld the warrant, stating that because RCr 13.02 is procedural in nature and does not confer any new substantive rights upon the defendant, a violation of the rule does not necessarily affect the defendant's due process rights. *Id.* at 533. "The evidence obtained should not be suppressed unless the violation of the rule resulted in prejudice to the defendant." *Id.* at 533. *See also Stephens v. Commonwealth*, 522 S.W.2d 181 (Ky.1975) (upholding warrant issued by magistrate on a form for the Rowan County Quarterly Court).

The Court has held evidence seized pursuant to a faulty warrant was admissible where the violation was less technical and more substantive in nature. In *Robinson v. Commonwealth*, 550 S.W.2d 496 (Ky. 1977), this Court upheld an affidavit that contained an erroneous statement of fact. The affiant in *Robinson* averred the information contained in the affidavit came from a confidential informant who had previously given reliable information to the police when, in fact, the informant had never before provided any information to law enforcement. *Id.* at 497. The *Robinson* Court assumed the error was an hon-

est mistake and, noting "the fundamental purpose of requiring an affidavit in support of a search warrant is to protect persons and their property from searches that are not founded on probable cause," the Court held the warrant was valid because it was supported by ample probable cause. *Id.*

As in the cases discussed above, the criminal procedure rules were violated in this case. Ms. Hardy was not properly authorized to administer the oath to complaining parties pursuant to RCr 2.02. However, as in the cases discussed above, because this error did not diminish Copley's constitutional rights, the exclusionary rule does not require suppression of the seized evidence. All of the interests sought to be protected by the Fourth Amendment of the U.S. Constitution and Section 10 of the Kentucky Constitution were safeguarded in this case. Circuit Court Clerk Kerr, a detached and neutral magistrate who was authorized by law to issue warrants, reviewed the affidavit, found probable cause and properly issued the warrant; the affidavit described the place to be searched and the items to be seized with particularity; and the officers properly confined their search and seizure of evidence to that which was authorized by the warrant. The search was reasonable and the trial court properly admitted the seized evidence. There is, however, one final aspect of our inquiry.

## III. Suppression of Evidence When the Rule Violation Does Not Infringe the Defendant's Constitutional Rights.

This case requires us to address the appropriate consequences when a criminal procedure rule is breached but the transgression does not result in a constitutional violation. While Kentucky has not hereto-

fore articulated a test to employ in such cases, our appellate courts have been concerned with rule violations that do not implicate constitutional concerns. In *McRay* and *Hubble*, the court in its analyses not only discussed the constitutional implications of the rule violation, but also considered whether the police officers acted in "good faith," 675 S.W.2d at 402, and whether the defendant was prejudiced by the non-compliance with the rule, 730 S.W.2d at 533.

■ These two elements, prejudice to the defendant and the good/bad faith of the person violating the rule, are also the two relevant considerations in the test that federal courts apply to conduct that violates a federal criminal procedure rule but does not infringe on the defendant's constitutional rights. In *United States v. Searp*, 586 F.2d 1117, 1125 (6th Cir.1978), a Sixth Circuit case originating in Kentucky, the Court explained that suppression is not justified when there has "merely been a violation of the procedural rules," unless there was "bad faith conduct on the part of the police, [or] prejudice to the defendant (in the sense that the search might not have of occurred or would not have been so abusive if the requirements of the Rule had been observed)." Similarly, in *United States v. Vasser*, 648 F.2d 507, 510 (9th Cir.1980), the Ninth Circuit held rule violations that do not implicate constitutional concerns require suppression only where "(1) there was 'prejudice' in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate dis-

regard of a provision in the Rule." [4] We now explicitly state that which was implied in earlier Kentucky cases, that is, when a criminal procedure rule is violated but the defendant's constitutional rights are not affected, suppression may still be warranted if there is (1) prejudice to the defendant, in the sense that the search might not have occurred or been so abusive if the rule had been followed or (2) if there is evidence of deliberate disregard [5] of the rule.

■ Suppression under this test is not warranted in this case because neither prong is satisfied. Copley was not prejudiced by the violation of RCr 2.02 and 13.10. There was no allegation or proof that the search would not have occurred absent the rule violation or that the search was abusive. Nor is there evidence that law enforcement officials deliberately disregarded the rules. Rather, given that Ms. Hardy was a notary public,[6] was generally qualified to administer oaths and was employed by the Commonwealth Attorney's office, and that all other requirements for securing the warrant were carefully observed, such as complying with KRS 15.725(5) by having the Commonwealth Attorney and the County Attorney certify that no judge or commissioner was available, it appears that the violation of Rules 2.02 and 13.10 was simply inadvertent.

### CONCLUSION

Though the affidavit in support of the search warrant was not properly sworn before an individual authorized by a judge of the county to administer oaths pursuant

---

4. "Abrasive" is the word employed by the Ninth Circuit while the, Sixth Circuit uses "abusive."

5. We adopt the "deliberate disregard" phraseology instead of "good/bad faith" in order to

avoid confusion with the "good faith" exception to the exclusionary rule.

6. To be clear, we do not by this Opinion hold that notaries public may administer oaths in violation of RCr 2.02.

to RCr 2.02, suppression was not warranted because the error was not of constitutional magnitude, the error did not prejudice Copley and there was no deliberate disregard of our rules. Consequently, the Russell Circuit Court's denial of the suppression motion and the subsequent judgment are affirmed.

All sitting. All concur.
CUNNINGHAM, J. concurs by separate opinion in which NOBLE and SCHRODER, JJ., join.

CUNNINGHAM, J., concurring.

I fully concur with the excellent opinion of Justice Abramson. I write simply to express my concern that apparently no judge or trial commissioner was available to sign a warrant in this murder case. With all due respect to circuit clerks, they are neither trained nor schooled in the law, nor instructed on the value of neutral and detached magistrates. They are not expected to be.

There may well have been a plausible and acceptable explanation why law enforcement in this case was unable to secure the service of a judge or commissioner. The purpose of this writing is not to pass judgment nor chastise. It is intended to simply remind our judiciary that we are on duty around the clock.

In this day of staggering technological advances in communications—both written and oral—there should be little problem in providing full time judicial coverage. E-warrants, smart phones, and fax machines now make immediate access to a judge or commissioner much easier. A judge or commissioner neither has to leave his or her house, nor wait on the arrival of the police.

Our law enforcement people work hard, especially when involved in the rigorous demands of criminal investigations. Some-times they are required to work around the clock, without sleep and under the pressure of circumscribing all their work within constitutional bounds. With that often comes great urgency and the immediate need of a magistrate.

Most jurisdictions in this state consist of several judges and even commissioners. A shared schedule of on call duty should not prove overly onerous.

In conclusion, I simply implore the judges and commissioners of this state to consider their distinguished positions as ones of full time service. That includes always being available to the law enforcement centurions of our cherished communities.

NOBLE and SCHRODER, JJ. join.