RENDERED:  MAY 21, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1254-DG

BRIAN WARD                                                                                         APPELLANT

v.          ON DISCRETIONARY REVIEW FROM JESSAMINE CIRCUIT COURT
HONORABLE C. HUNTER DAUGHERTY, JUDGE
ACTION NOS. 18-T-02024 AND 19-XX-00004

COMMONWEALTH OF KENTUCKY                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

TAYLOR, JUDGE:  Brian Ward brings this appeal upon a grant of discretionary

review of the July 23, 2019, Opinion of the Jessamine Circuit Court affirming an

April 9, 2019, order of the Jessamine District Court entered upon a conditional

guilty plea to operating a motor vehicle under the influence of alcohol/drugs

(DUI), third offense.  We affirm.

The relevant underlying facts are uncontroverted and were summarized by the circuit court in its July 23, 2019, Opinion as follows:

> [Ward] was arrested on July 5, 2018[,] for driving under the influence following a collision on U.S. [Highway] 27. He was transported to St. Joseph Jessamine for a blood test. At the hospital Officer [Cody] Smallwood read him the implied consent form, and [Ward] consented to the test. The officer then transported [Ward] to the Jessamine County Detention Center for booking. After about fifteen minutes at the jail, the officer advised [Ward] of his right to an independent blood test pursuant to [Kentucky Revised Statutes (KRS)] 189A.105(4). The time from when [Ward] submitted to the officer's test and when the officer advised [Ward] of his right to an independent test totaled approximately thirty[-]five minutes. [Ward] asked the officer if the independent test meant going back to the hospital, to which the officer replied in the affirmative, or to another facility. [Ward] declined the independent test, at least in part because of the discomfort he was feeling from the accident. Shortly after, at the request of the Detention Center, the officer transported [Ward] back to the hospital to be medically cleared for booking. No independent test was requested or performed.

Opinion at 1-2. Ward was subsequently charged in district court with DUI, third offense. KRS 189A.010(5)(c).

In the district court action, Ward filed a motion to suppress the results of the blood alcohol test taken on July 5, 2018. As a basis for suppression, Ward asserted that Officer Cody Smallwood violated KRS 189A.105(4) by failing to offer Ward an independent blood test "[i]mmediately following the administration of the final test requested by the officer[.]" KRS 189A.105(4). By order entered

January 15, 2019, the district court denied Ward's motion to suppress the results of the blood alcohol test. Ward then entered a conditional guilty plea to DUI, third offense. By order entered April 9, 2019, Ward was sentenced to 210 days, probated for two years.

Ward pursued a direct appeal to the circuit court. Therein, Ward alleged the district court erroneously denied his motion to suppress evidence. By Opinion entered July 23, 2019, the circuit court concluded Ward's motion to suppress evidence was properly denied by the district court, and affirmed the April 9, 2019, order. A motion for discretionary review was filed by Ward, and this Court granted same by order entered December 23, 2019.

Our review of an order denying a motion to suppress evidence is pursuant to a two-prong test. *Commonwealth v. Mitchell*, 610 S.W.3d 263, 268 (Ky. 2020). Under the first prong of the test, we review the court's findings of fact under the clearly erroneous standard. *Id.* Under the second prong of the test, we review the court's application of law to the facts *de novo*. *Id.* In this case, neither party has challenged the court's findings of fact, so we will proceed to review the court's application of law to the facts.

As noted, Ward contends the circuit court erroneously affirmed the district court's denial of his motion to suppress evidence. More specifically, Ward asserts the results of the blood alcohol test should have been suppressed due to the

officer's failure to comply with KRS 189A.105(4) by not offering Ward "the option of obtaining an independent blood test immediately following the final test requested by the officer." Ward's Brief at 7. Ward particularly argues he should have been offered the independent blood test while still at the hospital rather than thirty-five minutes later at the detention center. Ward maintains that KRS 189A.105(4) was violated by the delay between when the final test was administered and when Ward was informed of his right to an independent blood test. In response, the Commonwealth asserts the word "immediately" in KRS 189A.105(4) should be interpreted as "within a reasonable time." Commonwealth's Brief at 7. And, the Commonwealth submits that when offered, Ward declined Officer Smallwood's offer for an independent blood test; thus, any alleged violation of KRS 189A.105(4) is immaterial.

The applicable statutory language is found in KRS 189A.105(4), which provides:

> Immediately following the administration of the final test requested by the officer, the person shall again be informed of his or her right to have a test or tests of his or her blood performed by a person of his or her choosing described in KRS 189A.103 within a reasonable time of his or her arrest at the expense of the person arrested. He or she shall then be asked "Do you want such a test?" The officer shall make reasonable efforts to provide transportation to the tests.

Pursuant to the relevant statutory language, "once a defendant has consented to the requested alcohol or substance test and the test has been administered, KRS 189A.105(4) directs that the officer must give a second warning of the defendant's right to an independent test, and the statute requires a 'yes' or 'no' answer as to whether a defendant desires such a test." *Commonwealth v. Morgan*, 583 S.W.3d 432, 434 (Ky. App. 2019).

It is well-established that evidence is generally suppressed under the exclusionary rule only in response to a search that is "violative of an individual's constitutional rights." *Id.* at 435 (citing *Copley v. Commonwealth*, 361 S.W.3d 902, 905 (Ky. 2012)). However, the Kentucky Supreme Court has held that suppression may also be warranted if there has been a violation of a defendant's statutory right that caused "prejudice" or if there was a "deliberate disregard" of the statute. *Id.* (citation omitted); *see also Commonwealth v. Bedway*, 466 S.W.3d 468, 477 (Ky. 2015). Herein, Ward has alleged violation of a statutory right rather than a constitutional right; therefore, our analysis shall proceed accordingly.

In the case *sub judice*, there is no need to determine whether Ward's statutory right under KRS 189A.105(4) was violated as no prejudice or deliberate disregard was demonstrated. When Ward was offered the independent blood test at the detention center some thirty-five minutes after the final blood test had been administered at the hospital, Ward declined to exercise his right to take the

independent blood test. Thereafter, Ward was again taken to the hospital for medical treatment and did not request to have the independent blood test performed. Additionally, Ward has not demonstrated that Officer Smallwood deliberately disregarded the mandates of KRS 189A.105(4). Under these facts, we conclude that Ward failed to demonstrate that any alleged violation of KRS 189A.105(4) was prejudicial or undertaken with a deliberate disregard thereof. As such, we do not believe the circuit court erred by affirming the district court's denial of Ward's motion to suppress.

For the foregoing reasons, we affirm the July 23, 2019, Opinion of the Jessamine Circuit Court affirming the April 9, 2019, order of the Jessamine District Court.

ACREE, JUDGE, CONCURS.

CLAYTON, CHIEF JUDGE, CONCURS IN RESULT ONLY AND FILES SEPARATE OPINION.

CLAYTON, CHIEF JUDGE: I reluctantly concur with the majority opinion. The question before us as well as the district and circuit courts was whether KRS 189A.105(4) should be strictly construed. Both the district court and circuit court analyzed what the word "immediately" means in section (4) of the statute, as well as whether Ward suffered any prejudice by the delay of the notification of the right to a second test. However, there is an additional question to be considered. That

-6-

question is whether the officer deliberately disregarded the mandates of the statute. That question was apparently not raised to the trial court and therefore is not now properly before us.

The courts below as well as the parties have cited *Hardin v. Commonwealth*, 491 S.W.3d 514 (Ky. App. 2016), and *Commonwealth v. Long*, 118 S.W.3d 178 (Ky. App. 2003). Although KRS 189A.105 was mentioned in the *Hardin* and the *Long* cases, those cases primarily addressed the interpretation of KRS 189A.103. In *Hardin*, the defendant argued that the deputy failed to provide him with an independent blood test pursuant to KRS 189A.103. In *Long*, the sole issue on appeal was whether, in declining to allow the defendant the opportunity to telephonically contact a friend to bring monies to pay for an independent blood test, the arresting officer denied the defendant of her right to proceed under KRS 189A.103.

However, the case closest on point to the case at bar is *Commonwealth v. Morgan*, 583 S.W.3d 432 (Ky. App. 2019). In *Morgan*, our Court determined that an officer's failure to read a second independent blood test warning to the defendant violated the statutory mandate of KRS 189A.105(4). *Id.* at 434. Specifically, our Court in *Morgan* examined whether, if the mandate contained in the foregoing language was violated, the breathalyzer results should be suppressed. *Id.* Therefore, the Court had to determine not only whether a

-7-

statutory right was violated, but also whether such violation either resulted in prejudice to Morgan or showed evidence of the officer's "deliberate disregard" of the statute. *Id*. at 435.

Our Court decided that the officer violated the clear statutory mandate when he did not immediately give the second warning and that no reason existed for the officer not to read the second warning between the breath test and taking him to booking. *Id*. Moreover, because the officer deliberately disregarded the mandate by marking "no" on a form to answer the specific question of whether the defendant had sought an independent blood test, the Court concluded that the breathalyzer test should be suppressed.

In the case at bar, we do not know if there was a reason that the officer did not read the second warning immediately following the administration of the test requested by the officer. The district and circuit courts did determine that there was no prejudice to Ward caused by the delay in informing him later of the right to a second test. Although there was disagreement at oral argument as to whether the officer in this case deliberately disregarded the mandate, there apparently was no testimony at trial specifically about this, and deliberate disregard was not argued to either the district or circuit court. Thus, our Court's affirming the judgment below is appropriate.

It should be noted, however, that the Commonwealth stated to our

Court that police officers do not have to know the law. While no case law was cited for this proposition, the statement could be a reference to the United States Supreme Court case *Heien v. North Carolina*, 574 U.S. 54, 135 S. Ct. 530, 190 L. Ed. 2d 475 (2014). The *Heien* Court, however, stated that "[t]he Fourth Amendment tolerates only *reasonable* mistakes, and those mistakes—whether of fact or of law—must be *objectively* reasonable." 574 U.S. at 66, 135 S. Ct. at 539 (emphasis in original). *Heien* also pointed out that "an officer can gain no Fourth Amendment advantage" because he or she did not adequately study the laws that the officer "is duty-bound to enforce." 574 U.S. at 67, 135 S. Ct. at 539-40.

Although mistakes may happen, KRS 189A.105 has been in effect for two decades, and officers should be aware of what it requires. The wording of the statute is very specific. KRS 189A.105(4) requires that the driver be informed of the right to a second test "immediately." "Immediately" is not the same as "within a reasonable time," and the legislature differentiated between the two terms in the statute. *See, e.g.*, KRS 189A.105(2)(a)2.b. To ignore the distinction between "immediately" and "within a reasonable time" is to render part of the provisions of the statute meaningless, and it bears repeating that it is our duty to construe a statute "so as to effectuate the plain meaning and unambiguous intent expressed in the law. A corresponding rule of construction is that a statute should be construed, if possible, so that no part of its provisions are rendered meaningless." *Bob Hook*

-9-

*Chevrolet Isuzu v. Transportation Cabinet*, 983 S.W.2d 488, 492 (Ky. 1998) (citations omitted).  Notwithstanding the Commonwealth's argument that an immediate or "instant" warning is not necessary to protect a defendant's right to an independent test within a reasonable time of the arrest, that is exactly what is required by the statute.  The Commonwealth must comply with its own laws.  Strict compliance with the statute is required.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Ryan Robey
Lexington, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Heather Warren
Special Assistant Attorney General
Nicholasville, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Eric Wright
Special Assistant Attorney General
Nicholasville, Kentucky