**Ralph STEPHENS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 21, 1975.

Rehearing Denied May 23, 1975.

Lewis A. White, White & Peck, Mt. Sterling, for appellant.

Ed W. Hancock, Atty. Gen., Victor Fox, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Ralph Stephens was convicted on a charge of dwelling-house breaking. In conformity with the jury's verdict, Stephens was sentenced to 6 years in the state penitentiary.

The record on appeal has been certified to this court pursuant to an agreed statement. RCr 12.72. Stephens presents three questions for this court's consideration. First, he contends that the magistrate of District #2, Rowan County, Kentucky, had no authority to issue a search warrant from the Rowan Quarterly Court. There is no contrariety in the testimony presented on a hearing to suppress the evidence. It is admitted that Calvin R. Lytle, the magistrate of District #2, issued the search warrant about which Stephens complains. The search warrant was styled:

"The Commonwealth of Kentucky

In The Rowan Quarterly Court

Of Morehead, Kentucky."

The search warrant described the location of the Ralph Stephens residence. It commanded the officer or officers to search the residence for various weapons, men's suits, and rare-type coins ranging from pennies to silver dollars. The search warrant closed with the following statement:

" . . . and if you find same or any part thereof, to bring it forthwith before me or any other court in which the offense in respect to which the property or things taken is triable, or retain such property in your custody subject to the order of such court.

Witness my hand the 18th day of July, 1974.

s/ Calvin R. Lytle

~~Judge,~~ Magistrate District #2 Rowan Court

Morehead, Kentucky County."

There is no merit in Stephens' contention that only the county judge of Rowan County, or under certain circumstances, the county judge pro tem of Rowan County, had the legal authority to issue a warrant from the Rowan Quarterly Court, because we think the warrant was not in fact issued out of the Rowan Quarterly Court. The warrant was issued by Lytle in his official capacity as a magistrate.

"A search warrant may be issued, upon affidavit sufficient under section 10 of the constitution of Kentucky and sworn to before the issuing officer, by a *magistrate*, or by any other officer authorized by statute." RCr 13.10.

Lytle, after signing the warrant as magistrate of District #2, Rowan County,

blocked out the word "Judge," with the letter "x." He did the same in the jurat on the affidavit and signed it as Calvin R. Lytle, Magistrate, District #2, Rowan County, Kentucky. The failure of the magistrate to cross out the words, "In the Rowan Quarterly Court of Morehead, Kentucky," under the designation, "The Commonwealth of Kentucky," did not affect the validity of the warrant.

■ Next, Stephens attacks the qualifications of Lytle. He contends that the magistrate had no knowledge of the Fourth Amendment of the United States Constitution. He argues also that the magistrate did not understand the meaning of "probable cause." Lytle's testimony reveals that he read both the warrant and the supporting affidavit. He then determined that there was "reasonable cause" to issue the warrant.

Section 10 of the Kentucky Constitution and the Fourth Amendment to the Federal Constitution are practically the same in guaranteeing citizens freedom in their persons, houses, papers and possessions against unreasonable searches and seizures. They each provide that no warrant shall issue for a search except upon probable cause supported by affidavit.

It is true that Lytle had not read recent Supreme Court cases dealing with search warrants. He had not committed to memory the Fourth Amendment of the United States Constitution. It is doubtful that he could have recited the Ten Commandments in proper sequence. If these were prerequisites to the qualification of a judicial officer to issue a warrant, the whole process of criminal justice would require restructuring. Magistrate Lytle is a constitutional officer. Sec. 142 Kentucky Constitution. He is authorized to issue search warrants. Magistrate Lytle did not possess a "judicial mind" such as did the eminent jurists Learned Hand and Oliver W. Holmes. However, the evidence convinces this court that he knew what constituted probable cause sufficient for the issuance of the warrant.

■ Finally Stephens attacks the sufficiency of the search warrant because it did not describe the ladies' watch and the two rings admitted in evidence. The search warrant described with particularity that "coins ranging from pennies to silver dollars" had been taken from the house of Les Branham. In obedience to the command of the warrant, the officer took a metal box that was concealed in a hole in the wall. It was not likely that pennies or silver dollars would be laid end to end on a rafter. The most likely place for the containment of coins, watches, rings, and knives would be a metal box. The box contained two rings and a ladies' watch which belonged to Branham. He did not identify the coins as those taken from him. Although the watch and rings were not specified in the search warrant, they were identified as items that had been stolen from the Branham home. Their seizure and introduction into evidence was legal.

" . . . While engaged in a legitimate search under a search warrant describing specific articles, it is proper to seize stolen or contraband property, or property constituting the fruits of the crime or instrumentalities of the crime, though the latter are not described in the warrant." Jones v. Commonwealth, Ky., 416 S.W. 2d 342 (1967).

The metal box, nestled among the cobwebs in the rafters, contained: 27 men's wrist watches, 38 ladies' wrist watches, 7 pocket knives, 7 men's rings, 22 ladies' rings, 6 gold chains, 5 watch bands, 1 gold belt buckle, and various other items. The officer who conducted the search testified:

"Q. Can you point to one single item that made you think that it was taken from the Branham residence, other than the fact it was concealed?

A. That . . . the fact that it was concealed, there were watches in there, there were knives in there, I knew that there had been some watches taken, I believe there had

been some knives taken also from the Branham home, and that was the reason we was there, to look for those items stolen from his home."

A review of the record before this court shows:

1. That Calvin R. Lytle, as magistrate of the 2nd Magisterial District, issued the warrant in his official capacity as magistrate. He was not acting as judge of the Rowan Quarterly Court.

2. That Magistrate Lytle was qualified to issue the search warrant.

3. That the two rings and the watch belonging to Branham and seized as a result of the search warrant were properly admitted in evidence.

The judgment is affirmed.

All concur.