**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**E. G. BERTRAM III, Appellee.**

Court of Appeals of Kentucky.

March 14, 1980.

Sam E. Isaacs II, Asst. Atty. Gen., Steven L. Beshear, Atty. Gen., Frankfort, for appellant.

William F. Moore, Jr., R. B. Bertram, David C. Hull, Gordon T. Germain, Bertram, Moore, Hull & Germain, Monticello, for appellee.

Before GUDGEL, HOWARD, and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal by the Commonwealth from an order of the Wayne Circuit Court suppressing certain evidence seized by law enforcement officers in the course of a search of the cabin and yard owned by the father of the appellee, E. G. Bertram III. The search was made pursuant to a warrant issued by the clerk of the Wayne Circuit Court under the authority of KRS 15.725(4).

The Commonwealth concedes that the search warrant was defective; however, it insists that the appellee has no "standing" to complain of the search and seizure. No one, other than the officers, was present at the time that the premises were searched and the evidence taken. The premises were not owned by the appellee, and there is no evidence that he was residing there; neither did he claim to own any of the property seized. He contends, nevertheless, that he has "automatic standing" to contest the search under principles laid down by the United States Supreme Court in *Jones v.*

*United States*, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960). It is impossible to ascertain from its order the legal basis upon which the trial court determined that the appellee had "standing."

In *Jones, supra*, the Supreme Court held that one who is legitimately upon premises when they are searched has standing to contest the search. It also held that where possession of the evidence seized is an essential element of the charge against a defendant that fact itself automatically establishes sufficient interest of the defendant in the property seized to give him standing to contest the search and seizure. Inasmuch as the appellee was not present when his father's premises were searched, only this second aspect of the *Jones* decision need be considered. It is clear that the Court's reason for providing automatic standing in a case in which possession of the evidence seized constitutes an essential element of the crime charged was to avoid the manifest unfairness of a defendant's having to admit the possession, thereby incriminating himself, in order to establish his standing to contest the illegal search. That rationale would no longer seem to be appropriate in view of the decision in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), holding that evidence used to establish standing during a suppression hearing is not admissible, over objection, during the trial. *See also Brown v. United States*, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973). However, even if the decision in *Simmons* may be said to have been modified by that in *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), as a matter of federal constitutional law, it is clear as a matter of state constitutional law that when a defendant testifies in support of a motion to suppress evidence alleged to have been seized illegally, his testimony may not be used against him later at trial over his objection. *Shull v. Commonwealth*, Ky., 475 S.W.2d 469 (1972). Consequently, the "automatic standing" aspect of *Jones, supra*, does not appear to have any application

to cases arising in this jurisdiction.[1] *See Rawlings v. Commonwealth*, Ky., 581 S.W.2d 348 (1979); *United States v. Dye*, 508 F.2d 1226 (6th Cir. 1974), *cert. denied*, 420 U.S. 974, 95 S.Ct. 1395, 43 L.Ed.2d 653 (1975); *United States v. Hearn*, 496 F.2d 236 (6th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 622, 42 L.Ed.2d 642 (1974).

The United States Supreme Court seems to have discarded the whole concept of "standing" to contest a search and seizure in favor of an inquiry into "whether the disputed search and seizure has infringed an interest of the defendant which the Fourth Amendment was designed to protect." *Rakas v. Illinois*, 439 U.S. 128, 140, 99 S.Ct. 421, 429, 58 L.Ed.2d 387, 399 (1978). Put another way, the appropriate inquiry seems to be whether the defendant had an interest in connection with the searched premises that gave rise on his part to a reasonable expectation of freedom from governmental intrusion. *Combs v. United States*, 408 U.S. 224, 92 S.Ct. 2284, 33 L.Ed.2d 308 (1972). *See also Mancusi v. DeForte*, 392 U.S. 364, 88 S.Ct. 2120, 20 L.Ed.2d 1154 (1968).

■ Unfortunately, the record before us discloses almost no evidence from which a factual determination can be made as to whether an interest of the appellee protected under the Fourth Amendment has been infringed. The evidence indicates, for example, that he still lived with his father, but it is silent as to whether the appellee was permitted to use the cabin. We believe the trial court must hear additional evidence on this question.

The trial court also held that KRS 15.-725(4) is unconstitutional, basing its decision upon a conclusion that a circuit clerk who issues a search warrant which is prepared and presented by a prosecutor does not act as a neutral and detached judicial officer. Since it is admitted that the warrant was otherwise defective, we would not need to consider this question, but because of its importance and implications for law

enforcement throughout the Commonwealth, we have elected to do so. KRS 15.725(4) provides:

In the event of the absence from a county of all district judges and all circuit judges and all trial commissioners, the circuit clerk in each county may issue criminal warrants prepared by the commonwealth's attorney or county attorney, who shall certify that there is no district judge, circuit judge or trial commissioner within the county.

RCr 13.10 provides:

A search warrant may be issued, upon affidavit sufficient under section 10 of the constitution of Kentucky and sworn to before the issuing officer, by a magistrate, or by any other officer authorized by statute.

■ We believe that the statute and the rule clearly grant the circuit clerk authority to issue a search warrant under the circumstances prescribed by the statute. Although there is some evidence indicating that the clerk in this case may not have acted as a detached and neutral judicial officer and that she did not understand what was meant by "probable cause," there is nothing in the statute itself which fosters such a result. Circuit clerks are not at all subject to the supervision of prosecutors, but of the judiciary. KRS 30A.010. This statute does nothing to alter such relationship. The fact that the warrant must be prepared by the commonwealth's or county attorney has nothing to do with the clerk's exercise of independent judgment in deciding whether probable cause has been shown to justify issuance of the warrant. The determination of probable cause is made not from the warrant but from the supporting affidavit or affidavits. If we were to hold that a judicial officer is impermissibly influenced ipso facto because a prosecutor prepares a search warrant, it would follow a fortiori that a prosecutor or law enforcement officer ought not to prepare or give an affidavit in support of the issuance of a

---

1. We are aware that this aspect of *Jones* has never been specifically overruled by the Supreme Court. *See Rakas v. Illinois*, 439 U.S.

128, 135 n.4, 99 S.Ct. 421, 426 n.4, 58 L.Ed.2d 387, 396 n.4 (1978).

search warrant since to do so would impermissibly influence the judicial officer. We find no constitutional infirmity in KRS 15.-725(4). *Shadwick v. City of Tampa*, 407 U.S. 345, 92 S.Ct. 2119, 32 L.Ed.2d 783 (1972). *Stephens v. Commonwealth*, Ky., 522 S.W.2d 181, *cert. denied*, 423 U.S. 895, 96 S.Ct. 195, 46 L.Ed.2d 127 (1975).

Finally, we note that there is still pending a question before the trial court as to whether the search in question was made pursuant to the consent of the appellee's father. A determination that it was would render much of what we have said moot. By their nature, interlocutory appeals require appellate courts to hear a given case in a piecemeal fashion, but a piecemeal appeal ought not to be in turn "piecemealed." This appeal should not have been taken until the trial court had ruled on the question of consent. We have decided that the interests of judicial economy are better served now by entertaining this appeal, but this should not be taken as precedent for our actions in future cases.

The order of the Wayne Circuit Court is vacated and this case is remanded for further proceedings in accordance with this opinion.

All concur.