**COMMONWEALTH of Kentucky,**
**Appellant**

v.

**Mark A. ALBERHASKY, Joshua M.**
**Goode, and Jeremy Travillian,**
**Appellees**

**NO. 2014–CA–001167–MR**

Court of Appeals of Kentucky.

RENDERED: SEPTEMBER
11, 2015; 10:00 A.M.

Rehearing Denied November 2, 2015

Discretionary Review Denied by Supreme
Court September 15, 2016

Brief for Appellant: Jack Conway, Attorney General of Kentucky, David A. Erhart, Special Assistant Attorney General, Frankfort, Kentucky.

Brief for Appellees Joshua M. Goode and Jeremy Travillian: Bruce P. Hackett, Chief Appellate Defender, Louisville, Kentucky.

BEFORE: COMBS, J. LAMBERT, AND VANMETER, JUDGES.

## OPINION

### J. LAMBERT, JUDGE:

The Commonwealth of Kentucky appeals from the Jefferson Circuit Court's order suppressing the evidence seized in this case. After careful review, we reverse and remand.

This case arose when Detective Kevin McKinney with the Louisville Metro Police Department received a tip that Mark Alberhasky, Joshua Goode, and Jeremy Travillian (Appellees) would be purchasing supplies to manufacture methamphetamine. While conducting surveillance, Detective McKinney witnessed a car pull into the Kroger parking lot and saw two individuals exit the vehicle and enter the store. As he watched, Detective McKinney observed that the vehicle, which was driven by Appellee Goode, had an expired license plate. Subsequently, Detective McKinney witnessed Appellees Goode and Travillian exit Kroger, place something in the trunk of the automobile, and drive out of the parking lot. When the vehicle exited the parking lot, Goode failed to use a turn signal when completing a turn. Detective McKinney also observed that Goode's expired temporary license plate was not illuminated properly. At this point, Detective McKinney initiated a stop.

After stopping the vehicle, Detective McKinney approached the driver's side window and spoke to Goode. During this initial contact, Detective McKinney requested and was granted verbal consent from Goode to search the vehicle and its trunk. Detective McKinney testified he

did not force or threaten Goode in order to obtain that consent. He believed that Goode understood the request to search, and he did not detect the presence of any alcohol or drugs which would have affected Goode's reasoning or judgment.

The Jefferson County Grand Jury indicted Appellees on one count of complicity to manufacturing methamphetamine. The charge was based upon Appellees' possession of chemicals and equipment for the manufacture of methamphetamine. At the arraignment, a trial date was scheduled for January 30, 2013.

In November 2012, Appellee Goode filed a motion to suppress all evidence seized in the search of his vehicle. In his motion, Goode claimed that he was stopped, his vehicle was searched, and evidence was seized without a warrant, and that this was done without probable cause, reasonable suspicion, or valid consent.

On August 13, 2013, the trial court held a suppression hearing. At the hearing, the Commonwealth called Detective McKinney. McKinney testified to the above events, and on cross-examination, he confirmed that he did not obtain written consent to search Goode's vehicle. Goode's counsel then inquired about the Louisville Metro Police Department's standard operating procedures regarding a consent search. Goode tendered a copy of the procedures, specifically § 8.24.4, which was admitted as an exhibit. This procedure states:

> The use of the Consent to Search form (LMPD # 06–0036) is mandatory for all consent searches of premises or vehicles. An exception to this order would be situations where verbal consent is given to search a vehicle or home and consent is recorded using one (1) of the department's in-car cameras or a tape recorder.

Goode did not testify at the suppression hearing, and neither did the other two defendants. At no time did Goode argue that he did not give consent to Detective McKinney.

On July 10, 2014, the trial court entered an order suppressing all evidence obtained or seized from the vehicle or from Appellees during the March 19, 2012, search. After stating that Goode gave consent for Detective McKinney to search, the court held, "[t]he decision by police in this case to intentionally disregard the standard operating procedures of the Louisville Metro Police Department regarding consent searches renders the warrantless search invalid." This appeal by the Commonwealth now follows.

On appeal, the Commonwealth argues that the circuit court erred when it suppressed evidence because of an alleged violation of internal police policy. In support of this argument, the Commonwealth argues that the search did not violate the Appellees' Fourth Amendment rights, and therefore the exclusionary rule did not apply.

When evidence is suppressed under the Fourth Amendment, the standard of review of the circuit court's decision is twofold. *Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000). First, the factual findings of the court are conclusive if those findings are supported by substantial evidence. *Id.* Second, the appellate court conducts a *de novo* review to determine whether the circuit court's decision is correct as a matter of law. *Id.*

The Commonwealth argues that in suppressing the evidence seized from Goode's vehicle, the court determined that the decision by police to intentionally disregard the standard operating procedures of the Louisville Metro Police Department regarding consent searches rendered the search invalid. In doing so, the Commonwealth argues that the circuit court misapplied the exclusionary rule. We agree.

■ The exclusionary rule is only applicable to searches that violate an individual's constitutional rights. *Copley v. Commonwealth*, 361 S.W.3d 902, 905 (Ky. 2012) (citing *Brock v. Commonwealth*, 947 S.W.2d 24, 29 (Ky. 1997)). A review of the case law indicates that mere violation of a government regulation or internal policy is not sufficient grounds to trigger application of the exclusionary rule. In *Whren v. United States*, 517 U.S. 806, 808, 116 S.Ct. 1769, 1772, 135 L.Ed.2d 89 (1996), plainclothes police officers in an unmarked vehicle stopped the defendants' vehicle for failing to signal and speeding. The stop violated police regulations, which limited the authority of plainclothes officers in unmarked vehicles. *Whren*, 517 U.S. at 815, 116 S.Ct. at 1775. The Court held that the officers acted reasonably in effecting the stop. *Id.* at 817–19, 116 S.Ct. at 1776–77. Further, the Court stated, "police enforcement practices, even if they could be practicably assessed by a judge, vary from place to place and from time to time. We cannot accept that the search and seizure protections of the Fourth Amendment are so variable[.]" *Id.* at 815, 116 S.Ct. at 1775.

Similarly, in *Bratcher v. Commonwealth*, 424 S.W.3d 411, 415 (Ky. 2014), the Supreme Court of Kentucky stated that evidence seized in violation of a Department of Corrections' policy would not be subject to suppression by application of the exclusionary rule. In that case, a police officer made contact with the defendant's probation officer to have the probation officer conduct a search of the defendant's residence. *Id.* at 412. In affirming the denial of the defendant's motion to suppress the evidence obtained in that search, the court explained:

> It is fundamental that by administrative rule or statute a state may impose upon its police authorities more restrictive standards than the Fourth Amendment requires. Such standards, however, cannot expand the scope of the Fourth Amendment itself. *Virginia v. Moore*, 553 U.S. 164, 128 S.Ct. 1598, 170 L.Ed.2d 559 (2008) (a state is free to prefer one search and seizure policy among several constitutionally permissible options, but its choice of a more restrictive option does not render less restrictive ones violative of the Fourth Amendment).

*Id.* at 415. The Court held that even if the probation officer had knowingly violated a Department of Corrections' policy to obtain evidence, that evidence was not subject to suppression on that ground by application of the exclusionary rule. *Id.* See also *Commonwealth v. Bothman*, 941 S.W.2d 479, 481 (Ky. App. 1997) (holding that violation of internal police procedures are not grounds for suppression under the exclusionary rule).

In their brief to this Court, the Appellees argue that the circuit court did not expand the scope of the Fourth Amendment, but instead that the court looked to the totality of the circumstances and determined that the search was not valid, and the exclusionary rule applied. The Appellees focus on the fact that the circuit court simply did not believe that Goode's consent to Detective McKinney's search was freely given and was not coerced. The record does not support this argument, as the circuit court never stated that it did not believe Detective McKinney's testimony. A cursory review of the circuit court's order suppressing the evidence seized reflects that the court's decision was based solely on the alleged violation of an internal police policy. After quoting Louisville Police Department Standard Operating Procedure, the circuit court stated:

> Police may conduct a search without a warrant or probable cause based upon an individual's consent, so long as the consent (1) was voluntary and (2) came

from someone authorized to give consent. To determine whether consent was given voluntarily, the Court must examine the totality of the circumstances. The decision by police in this case to intentionally disregard the standard operating procedures of the Louisville Metro Police Department regarding consent renders the warrantless search invalid.

 We agree with the Commonwealth that, in this case, the circuit court erred by applying the exclusionary rule in a situation where there was no finding that the Appellees' constitutional rights had been violated. While the state can create regulations that concern the behavior of its personnel, those regulations cannot be used to expand the scope of the Fourth Amendment. Where there is evidence from a police officer that a defendant gave verbal consent to a search, and the defendant does not deny giving consent or suggest that the consent was extracted by coercion or deception, the consent is voluntary and the search is not unconstitutional. *Commonwealth v. Erickson,* 132 S.W.3d 884, 887–89 (Ky. App. 2004). In the instant case, there is nothing in the record to suggest that the defendants did not give consent or to suggest that consent was in any way coerced. Furthermore, while the circuit court stated that it had to look to the totality of the circumstances, it based its decision on the violation of internal police policy. Had the circuit court stated that it did not believe Detective McKinney's testimony and instead believed that consent was not given or was coerced, our holding would be different. Absent any findings by the court that the consent was not given or that it was coerced, we simply cannot hold that this search violated the Appellees' Fourth Amendment rights.

Based on the foregoing, we reverse Jefferson Circuit Court's July 10, 2014, order suppressing the evidence seized during the search of Goode's vehicle and remand for proceedings consistent with this opinion.

ALL CONCUR.