RENDERED: FEBRUARY 25, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1146-MR

RONALD JONES                                                  APPELLANT

APPEAL FROM FAYETTE CIRCUIT COURT
v.        HONORABLE ERNESTO M. SCORSONE, JUDGE
ACTION NO. 18-CR-00471

COMMONWEALTH OF KENTUCKY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Ronald Jones appeals from an August 26, 2020, Final

Judgment of the Fayette Circuit Court which, in conformity with Jones'

conditional guilty plea, convicted him of various drug-related offenses[1] and

---

[1] Specifically, Ronald Jones was convicted of violating Kentucky Revised Statute (KRS) 527.040 (possession of firearm by convicted felon); KRS 218A.1430 (trafficking in synthetic drugs, first offense); and KRS 532.080 (persistent felony offender, first degree).

sentenced him to ten-years' imprisonment, probated for five years. Prior to entering his conditional guilty plea, Jones moved to suppress evidence discovered at his residence by Lexington Metro Police Department (LMPD) officers and Probation and Parole officers through a warrantless search. The court conducted an evidentiary hearing and the motion was denied by order entered August 5, 2019. The circuit court's denial of Jones' motion to suppress is the sole issue before this Court on appeal. For the reasons stated, we affirm.

## BACKGROUND

The relevant facts to this appeal are as follow. In February of 2018, an LMPD officer was investigating complaints that synthetic drugs were being sold at a hospital parking lot. During the officer's surveillance, a vehicle being driven by Jones was identified by the officer in the parking lot. Jones was on parole at this time from a previous conviction. Upon receiving information from an informant about potential drug activity by Jones, the officer subsequently contacted Jones' parole officer. The parole officer then scheduled a home visit and search which was conducted by two other parole officers, who were accompanied by LMPD officers. A search of Jones' residence produced synthetic drugs hidden in a refrigerator along with a firearm. Upon being charged with trafficking in synthetic drugs, persistent felony offender in the first degree, and possession of a handgun by a convicted felon, Jones entered into his conditional plea. This appeal followed.

## STANDARD OF REVIEW

This Court's standard of review of a circuit court's denial of a motion to suppress requires a two-step analysis. First, the circuit court's factual findings are conclusive if supported by substantial evidence. *Milam v. Commonwealth*, 483 S.W.3d 347, 349 (Ky. 2015). Second, the court's application of the law to those facts is reviewed *de novo*. *Simpson v. Commonwealth*, 474 S.W.3d 544, 547 (Ky. 2015). Our review proceeds accordingly.

## ANALYSIS

On appeal, Jones asserts: (1) Pursuant to the Fourth Amendment of the United States Constitution and the Section 10 of the Kentucky Constitution, the law enforcement officials who conducted the search of his home were required, as a prerequisite, to have reasonable suspicion of criminal activity; (2) in his view, no such reasonable suspicion existed; and therefore (3) the circuit court should have granted his motion and excluded the evidence gleaned from the search of his residence.

As a general rule, the Fourth Amendment of the United States Constitution and Section 10 of Kentucky's Constitution provide protection against unreasonable searches and seizures, and evidence obtained in a search violative of those provisions is not admissible in court. *Commonwealth v. Wilson*, 625 S.W.3d 252, 255 (Ky. App. 2021).

However, as the circuit court observed in its order denying Jones' motion to suppress, that rule has no application in this case due to Jones' status as a parolee. As our Supreme Court further explained in *Bratcher v. Commonwealth*, 424 S.W.3d 411, 415 (Ky. 2014),

> Under the Fourth Amendment analysis set forth in *Samson* [*v. California*, 547 U.S. 843, 126 S. Ct. 2193, 165 L. Ed. 2d 250 (2006)], it is immaterial whether the information available to the officers who searched Appellant's residence rose to the standard of reasonable suspicion. The Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee. *Samson*, 547 U.S. at 857, 126 S. Ct. 2193. Without a constitutional right underpinning his motion to suppress, Appellant has no basis for application of the exclusionary rule. *Copley v. Commonwealth*, 361 S.W.3d 902, 905 (Ky. 2012) ("Suppression of evidence pursuant to the exclusionary rule applies only to searches that were carried out in violation of an individual's constitutional rights.").

In response, Jones argues *Bratcher* is contrary to the law and should be overturned, noting that a federal judge in *Jones v. Lafferty*, 173 F.Supp.3d 493 (E.D. Ky. 2016), disagreed with *Bratcher*, stating:

> Lafferty relies upon the Kentucky Supreme Court's statement that "the Fourth Amendment presents no impediment against a warrantless and suspicionless search of a person on parole." *Bratcher*, 424 S.W.3d at 415. With due respect to our sister court, that conclusion misapprehends the holdings and the reasoning of the Supreme Court precedent upon which it relies.

-4-

*Jones*, 173 F.Supp.3d at 496-97.[2]

Nevertheless, "[a]s an intermediate appellate court, this Court is bound by published decisions of the Kentucky Supreme Court. SCR [Supreme Court Rule] 1.030(8)(a). The Court of Appeals cannot overrule the established precedent set by the Supreme Court[.]" *See Kindred Healthcare, Inc. v. Henson*, 481 S.W.3d 825, 829 (Ky. App. 2014). As *Bratcher*, 424 S.W.3d 411, remains the law in Kentucky, we are duty bound to follow it. Having no authority to overrule Kentucky Supreme Court precedent, Jones' arguments have no merit before this Court.

Based on our review, the circuit court's findings of fact are supported by substantial evidence in the record, and we find no error in the court's ruling thereon. The Final Judgment of the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky

---

[2] However, in *Unites States v. Knights*, 534 U.S. 112, 121 (2001), the United States Supreme Court held that "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." The search in this case clearly meets this constitutional guideline.