RENDERED: FEBRUARY 28, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0445-MR

RONALD COPLEY                                                              APPELLANT

v.
APPEAL FROM RUSSELL CIRCUIT COURT
HONORABLE SARA B. GREGORY, JUDGE
ACTION NO. 07-CR-00121

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE: Appellant, Ronald Copley (Copley), *pro se*, appeals from an Order of the Russell Circuit Court denying his motions for post-judgment relief. After our review, we affirm.

On November 16, 2010, Copley entered a conditional guilty plea to murdering his wife and was sentenced to twenty years in prison. Copley appealed to the Kentucky Supreme Court as a matter of right and argued that the trial court erred in denying his motion to suppress evidence. Our Supreme Court affirmed the

denial of his suppression motion and the subsequent judgment in *Copley v. Commonwealth*, 361 S.W.3d 902, 908 (Ky. 2012).

Thereafter, Copley filed a succession of post-judgment motions for relief.

In the case before us, the Russell Circuit Court denied Copley's latest request for relief by Order entered on February 28, 2024, as follows in relevant part:

> This matter is before the Court on a series of *pro se* motions filed by the Defendant, Ronald Copley. On October 3, 2023, Mr. Copley filed a Motion for Amended Sentence Under [Kentucky Rules of Civil Procedure (CR)] 60.02 (E) and (F), and a Motion to Proceed In Forma Pauperis. On November 7, 2023, Mr. Copley filed a Motion to ADD to the E.D.D. [Extreme Emotional Disturbance] Argument. . . .
>
> . . .
>
> The main argument underlying each of the present motions for relief is that Mr. Copley suffers from serious medical conditions and declining health. Under Kentucky law, these types of hardship are not an appropriate basis for consideration of post-judgment relief under CR 60.02. This was reiterated by the Court of Appeals . . . in *Martin* [*v. Commonwealth*, 639 S.W.3d 433 (Ky. App. 2022),] that family hardships, emotional trauma, and physical ailments do not warrant CR 60.02 relief because they are not defects in the underlying case proceedings. *Id.* at 435-436 . . . . Similarly, Mr. Copley's health condition while incarcerated also does not amount to cruel and unusual punishment under the 8th Amendment.

As the Court of Appeals noted in *Martin*, the mental and physical health issues of a defendant would be appropriate for consideration of a parole board. . . . [T]he circumstances of Mr. Copley's health are simply not appropriate grounds under the law for the relief sought from this Court.

Additionally, Mr. Copley has previously filed numerous requests for post-conviction relief. These motions represent at least the fifth attempt by Mr. Copley to have the judgment set aside. This Court denied the immediate prior requests after a full and thorough review of the record in the case. These ongoing motions represent successive collateral attacks on the judgment. Kentucky law does not permit successive collateral attacks on a valid judgment. As successive collateral attacks on the judgment, the motions are procedurally barred. Additionally, the motions are time barred given they have been filed long after entry of judgment.

None of Mr. Copley's pending motions warrants an evidentiary hearing because the issues can be decided based upon the record and application of the law. As a result, there is also no need for this Court to consider the pending request to proceed in forma pauperis for purposes of an evidentiary hearing.

Copley appeals. In his first argument, Copley argues that he was mentally ill at the time of the murder. In his second argument, Copley argues that he was under extreme emotional disturbance at the time of the murder and/or when his court proceedings occurred. Copley's third argument relates to his "extreme medical conditions" and the conditions in prison.

The structure provided in Kentucky for attacking the final judgment of a trial court in a criminal case is not haphazard and overlapping, but is organized and

complete. That structure is set out in the rules related to direct appeals, in [Kentucky Rules of Criminal Procedure (RCr)] 11.42, and *thereafter* in CR 60.02. CR 60.02 . . . is for relief that is not available by direct appeal and not available under RCr 11.42. The movant must demonstrate why he is entitled to this special, extraordinary relief. Before the movant is entitled to an evidentiary hearing, he must affirmatively allege facts which, if true, justify vacating the judgment and further allege special circumstances that justify CR 60.02 relief.

*Gross v. Commonwealth*, 648 S.W.2d 853, 856 (Ky. 1983).

The standard of our review on appeal is abuse of discretion:

Given the high standard for granting a CR 60.02 motion, a trial court's ruling on the motion receives great deference on appeal[.] A defendant's entitlement to extraordinary postconviction relief is a matter left to the sound discretion of the court and the exercise of that discretion will not be disturbed on appeal except for abuse. To amount to an abuse of discretion, the trial court's decision must be arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Meadows v. Commonwealth*, 648 S.W.3d 701, 704 (Ky. App. 2022) (internal quotation marks and citations omitted).

We have reviewed the record and have researched the legal issues raised on appeal. Copley's arguments are conclusory, unsubstantiated, and lacking in merit. We perceive no abuse of discretion. On the contrary, we agree with the trial court's analysis and adopt it as if it were our own.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ronald Copley, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky